UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. _____

BRIAN AND DONNA MOORE, )
    Plaintiffs )
     )
vs. )
     )
SCUDERI GROUP, INC., SALVATORE )
SCUDERI, NICHOLAS SCUDERI, DEBORAH )
SCUDERI, STEPHEN SCUDERI AND RUTH )
SCUDERI, )
    Defendants )
     )

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

## PARTIES

1. The plaintiffs, Brian and Donna Moore (hereinafter the "Moores" or "Plaintiffs") are Massachusetts residents with an address of 186 Country Road, Agawam, Massachusetts.

2. The defendant, Scuderi Group, Inc. (hereinafter "Scuderi Group"), is a Delaware corporation with a principal place of business at 1111 Elm Street, Suite 33, West Springfield, Massachusetts.

3. The defendant, Salvatore Scuderi (hereinafter "Mr. Scuderi"), is president, secretary, director and the registered agent for Scuderi Group, with a principal place of business at 1111 Elm Street, Suite 33, West Springfield, Massachusetts.

4. The defendants, Deborah Scuderi, Stephen Scuderi, Nicholas Scuderi, Ruth Scuderi (collectively with Mr. Scuderi, the "Scuderi Employees" and with Scuderi Group, the

"Defendants"), are individual employees and officers of the Scuderi Group, with principal places of business at 111 Elm Street, Suite 33, West Springfield, Massachusetts.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. § 1331, and Sections 12 and 22 of the Securities Act, 15 U.S.C. § 77l and § 77v. This Court also has supplemental jurisdiction over the state law claims, pursuant to 28 U.S.C. § 1367.

6. Venue is proper in Massachusetts, pursuant to § 22 (a) of the Securities Act, 15 U.S.C. § 77v, and 28 U.S.C. § 1391 (b). All defendants reside or maintain places of business within Massachusetts, and the events giving rise to the violations complained of herein took place in Massachusetts.

7. In connection with the acts alleged in this Complaint, Defendants directly or indirectly used the means and instrumentalities of interstate commerce, including but not limited to, the mails, interstate telephone and email communications.

## FACTUAL ALLEGATIONS

8. From approximately 2004 until 2011, Scuderi Group sold more than $ 80 million worth of securities through offerings based upon Scuderi Group's alleged development of an internal combustion engine.

9. These offerings were not registered with the Securities and Exchange Commission and did not qualify for any of the exemptions from the Securities Act's registration requirements.

10. As a means to attract buyers, Scuderi Group released private offering memoranda, which informed investors that it intended to use proceeds from the offerings for "general corporate purposes, including working capital."

11. In 2005, Mr. Scuderi, while in a representative capacity of Scuderi Group, visited the Plaintiffs at their home and made representations regarding the future of Scuderi Group and the earning potential of Scuderi Group securities.

12. Shortly thereafter, while using funds from their individual retirement accounts, Mr. and Mrs. Moore each purchased 3,125 units of stock in Scuderi Group, for a combined sum of $10,000.

13. In each individual subscription agreement they received, the Plaintiffs were listed as one of the thirty-five (35) non-accredited investors that were allowed to invest in the offering.

14. Eventually, the Securities and Exchange Commission (hereinafter "Commission") began investigating the Defendants' use of the monies received in exchange for the securities sold to investors.

15. On May 30, 2013, the Commission issued its Cease-And-Desist Order (hereinafter "Order"), finding that Scuderi Group's offerings failed to qualify for the registration exemptions because Scuderi Group made offerings to non-accredited investors that substantially exceeded the Regulation D limits; failed to provide investors audited financial statements; and, at Mr. Scuderi's direction, engaged in a plan to evade registration requirements.

## COUNT I
**(Violations of Sections 5 and 12 (a) (1) of the Securities Act-Scuderi Group & Mr. Scuderi)**

16. The Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 15 above and incorporates them herein by reference.

609223

17. Scuderi Group, through Mr. Scuderi, offered and sold Scuderi Group securities to the Plaintiffs.

18. Such securities were unregistered and did not fall within any exemption provided under 15 U.S.C. §§ 77c and 77d.

19. By selling unregistered and non-exempted securities to the Plaintiffs, Scuderi Group and Mr. Scuderi violated 15 U.S.C. §§ 77e, 77l.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for damages, together with interest, costs, fees, including reasonable attorney's fees, and such further relief as the Court deems appropriate.

## COUNT II
**(Violation of Section 12 (a) (2) of the Securities Act-Scuderi Group & Mr. Scuderi)**

20. The Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 19 above and incorporates them herein by reference.

21. Scuderi Group, through Mr. Scuderi, offered and sold Scuderi Group securities to the Plaintiffs.

22. Scuderi Group solicited such securities through Mr. Scuderi's oral communications with the Plaintiffs and through its private offering memoranda.

23. In choosing to invest, the Plaintiffs relied on the offering memoranda's language and Mr. Scuderi's communications that their investments would be used for "general corporate purposes, including working capital."

24. The Plaintiffs additionally relied on their individual subscription agreements that claimed they were each one of the thirty-five (35) non-accredited investors that were allowed to invest in the stock.

25. Such communications made untrue statements of material fact.

609223

26. These misleading statements persuaded the Plaintiffs into buying shares of Scuderi Group.

27. Had such statements not been made, the Plaintiffs would not have purchased Scuderi stock.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for damages, together with interest, costs, expenses, fees, including reasonable attorney's fees, and such further relief as the Court deems proper.

### COUNT III
### (Violation of Section 15 of the Securities Act-Scuderi Employees)

28. The Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 27 above and incorporates them herein by reference.

29. The Scuderi Employees, through stock ownership, agency or otherwise, controlled Scuderi Group at the time the Plaintiffs purchased Scuderi stock.

30. By virtue of their position as controlling persons of Scuderi Group, and their conduct alleged herein, the Scuderi Employees are jointly and severally liable to the Plaintiffs under Counts I and II above.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for damages, together with interest, costs, expenses, fees, including reasonable attorney's fees, and such further relief as the Court deems appropriate.

### COUNT IV
### (Violations of Sections 301 and 410 (a) (1) of the Massachusetts Securities Act-Scuderi Group & Mr. Scuderi)

31. The Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 30 above and incorporates them herein by reference.

609223

32. Scuderi Group, through Mr. Scuderi, offered and sold securities in Massachusetts to the Plaintiffs.

33. The securities were non-exempt and unregistered, and were not securities otherwise covered under Federal law.

34. As such, the Defendants violated G. L. c. 110A, §§ 301, 410A.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for damages, together with interest, costs, expenses, fees, including reasonable attorney's fees, and such further relief as the Court deems appropriate.

### COUNT V
### (Violation of Section 410 (a) (2) of the Massachusetts Securities Act-Scuderi Group & Mr. Scuderi)

35. The Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 34 above and incorporate them herein by reference.

36. Scuderi Group, through Mr. Scuderi, offered and sold securities to the Plaintiffs.

37. Scuderi Group solicited such securities through Mr. Scuderi's oral communications with the Plaintiffs and through its private offering memoranda.

38. In choosing to invest, the Plaintiffs relied on the offering memoranda's language and Mr. Scuderi's communications that their investments would be used for "general corporate purposes, including working capital."

39. The Plaintiffs additionally relied on their individual subscription agreements that claimed they were each one of the thirty-five (35) non-accredited investors that were allowed to invest in the stock.

40. Such communications made untrue statements of material fact.

41. The Plaintiffs relied on these misleading statements when buying shares of Scuderi Group.

42. Had such statements not been made, the Plaintiffs would not have purchased Scuderi stock.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for damages, together with interest, costs, expenses, fees, including reasonable attorney's fees, and such further relief as the Court deems appropriate.

## COUNT VI
### (Violation of Section 410 (b) of the Massachusetts Securities Act-Scuderi Employees)

43. The Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 42 above and incorporates them herein by reference.

44. The Scuderi Employees, as officers and directors of Scuderi Group, controlled Scuderi Group at the time the Plaintiffs purchased Scuderi stock.

45. By virtue of their positions as controlling persons of Scuderi Group, and their conduct alleged herein, the Scuderi Employees are jointly and severally liable to the Plaintiffs under Counts IV and V above.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for damages together with interest, costs, expenses, fees, including reasonable attorney's fees, and such further relief as the Court deems appropriate.

## COUNT VII
### (Violation of Massachusetts General Laws, c. 93A-All Defendants)

46. The Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 45 of this Complaint and incorporates them herein by reference.

609223

47. On January 13, 2017, the Plaintiffs sent the Defendants a demand letter, pursuant to G. L. c. 93A, via certified and regular mail. A true and correct copy of which is attached hereto as <u>Exhibit A</u>.

48. The Defendants failed to respond to the Plaintiffs' c. 93A demand.

49. The Defendants engaged in the conduct of trade or commerce within the meaning of Chapter 93A of the Massachusetts General Laws.

50. The conduct, actions or inactions of the Defendants constitute one or more unfair or deceptive acts or practices declared unlawful by G.L. c. 93A, § 2.

51. The use of the unfair or deceptive acts by the Defendants were willful and knowing. Specifically, the Defendants intentionally made untrue statements of material fact in persuading the Plaintiffs to purchase shares of Scuderi Group.

52. The Plaintiffs have suffered damages as a direct and proximate result of the willful and knowing unfair or deceptive acts by the Defendants.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for damages, together with interest, costs, expenses, fees, including reasonable attorney's fees, and such further relief as the Court deems appropriate.

609223

## **JURY DEMAND**

THE PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES AND CLAIMS SO TRIABLE.

                                       THE PLAINTIFFS,
                                       BRIAN AND DONNA MOORE

Dated: April 18, 2016             By  */s/ James F. Martin, Esq.*
                                       James F. Martin, Esq., BBO No. 322480
                                       jmartin@robinsondonovan.com
                                       Direct Fax (413) 452-0332

                                     By  */s/ David S. Lawless, Esq.*
                                       David S. Lawless, Esq., BBO No. 664754
                                       dlawless@robinsondonovan.com
                                       Direct Fax (413) 452-0370
                                   Robinson Donovan, P.C.
                                   1500 Main Street, Suite 1600
                                   Springfield, Massachusetts 01115
                                   Phone (413) 732-2301

609223

## **VERIFICATION**

We, Brian Moore and Donna Moore, so hereby verify, under the pains and penalties of perjury, that the matters set forth in this Verified Complaint are true and correct and based upon our personal knowledge, information and belief.

Dated: April \_\_\_, 2017.                    BRIAN MOORE,


                                              By: _____



                                              DONNA MOORE,


                                              By:_____

609223