UNITED STATES DISCTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO.: 3:17-CV-30047-MGM

| | |
|---|---|
| **BRIAN AND DONNA MOORE** | ) |
| | ) |
| *Plaintiffs* | ) |
| | ) |
| v. | ) |
| | ) |
| **SCUDERI GROUP INC., SALVATORE SCUDERI, DEBORAH SCUDERI, STEPHEN SCUDERI, NICHOLAS SCUDERI, AND RUTH SCUDERI** | ) |
| *Defendants* | ) |

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b) (6), Defendants Scuderi Group, Inc., Scuderi Group, LLC, Salvatore Scuderi, Deborah Scuderi, Stephen Scuderi, Nicholas Scuderi, and Ruth Scuderi ("Defendants") respectfully move to dismiss all claims against them. Plaintiffs' Complaint fails to state a claim upon which relief can be granted. In support of their motion, the Scuderi Defendants state as follows.

1. Plaintiffs' federal claims, which involve investments made in 2005, are barred by the one year statute of limitations and three year statue of repose of the Securities Act.

2. Plaintiffs' federal claims are barred as matter of law because Section 12(a) of the Securities Act of 1933 ("Securities Act") applies only to public offerings and does not apply to Scuderi Group's private offerings.

3. A complaint, like Plaintiffs', that essentially copies the unproven allegations contained in a regulatory settlement does not meet the pleading standards set forth in *Bell Atl. Corp. v. Twonbly,* 550 U.S. 544 (2007) and *Aschroft v. Iqbal,* 556 U.S. (2009).

4. Plaintiffs fail to allege facts plausibly suggesting that Scuderi Group's securities offerings were public and did not properly meet the exemptions to registration available under

the Securities Act. Plaintiffs also fail to allege facts plausibly suggesting that the Scuderi Defendants made any misstatements to investors.

5. Plaintiffs have not stated a claim for control person liability because there is no control person liability where the underlying securities violation is dismissed.

6. Plaintiffs' state law claims, based on the Massachusetts counterpart to the Securities Act, should likewise be dismissed because they suffer from the same infirmities as the federal law claims. Moreover, in the absence of a cognizable federal claim, this Court should decline to exercise supplemental jurisdiction over the state law claims.

WHEREFORE, the foregoing reasons, as further explained in Defendants' Memorandum of Law in Support of Their Motion to Dismiss, Plaintiffs' claims against Defendants should be dismissed with prejudice.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1 (D), Defendants respectfully submit that oral argument may assist the Court and request a hearing on their Motion to Dismiss.

DEFENDANTS,
SCUDERI GROUP, INC., SALVATORE SCUDERI, NICHOLAS SCUDERI, DEBORAH SCUDERI, STEPHEN SCUDERI AND RUTH SCUDERI

By their attorneys,

Dated: February 21, 2018

/s/*Thomas M. Bovenzi*
Thomas M. Bovenzi (BBO #051230)
tbovenzi@bdlaw1.com
Bovenzi and Donovan
14 Manning Avenue, Suite 102
Leominster, MA 01453
Phone: (978) 840- 4500
Fax: (978) 840- 4660

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all counsel of record through the ECF system on February 21, 2018.

/s/Thomas M. Bovenzi